13-1121
Jordan v. Sheehy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand fourteen.

PRESENT:

> **Dennis Jacobs,**
> **Robert D. Sack,**
> **Raymond J. Lohier, Jr.,**
> *Circuit Judges.*

_____

Victor Lamond Jordan, Sr.,

> *Plaintiff-Appellant*,

v.                                                            13-1121

Stephen Sheehy, Judicial Marshall, Waterbury
Superior Court, individual and official capacity,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Victor Lamond Jordan, Sr., *pro se*, Suffield, CT. |
| **FOR DEFENDANT-APPELLEE:** | James W. Caley, Assistant Attorney General, *for* George Jepsen, Attorney General, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Victor Jordan, *pro se* and incarcerated, brought a 42 U.S.C. § 1983 excessive force action against Stephen Sheehy, a judicial marshal at Waterbury Superior Court. Jordan alleged that Sheehy made racist comments to him in the courthouse holding cell, that he spit at Sheehy in response, and that Sheehy punched him. Jordan suffered bruising, swelling, and a small cut on his lip. After reviewing the evidence, including video footage of the incident, the district court granted summary judgment to Sheehy. Jordan challenges the grant of summary judgment on the following grounds: the district court improperly relied on case law and policies applicable to correction officers working in prisons even though Sheehy was a judicial marshal working in a courthouse; the court overlooked inconsistencies in Sheehy's post-incident reports; and Sheehy provoked the incident by using racist slurs. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of summary judgment. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* On summary judgment, the court must consider "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, "[t]he mere existence of a scintilla of

2

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* Thus, nonmoving parties "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

We affirm for substantially the reasons stated in the district court's order. True, Sheehy was a judicial marshal and not a corrections officer; however, while the district court cited correctional policies and referred to correction officers in explaining the circumstances under which force may be used against inmates, it properly analyzed Jordan's excessive force claim using Eighth Amendment jurisprudence.

Jordan argues that the district court made credibility findings that overlooked inconsistencies in Sheehy's reports, focusing on Sheehy's statement in one report that he "pushed [him] away to disengage," and in another that he hit Jordan in the face. There was no dispute that Sheehy punched Jordan, and the court accepted Jordan's version of events in this regard. Finally, Jordan appears to argue that Sheehy's alleged use of racial slurs evidenced malicious intent. However, the court credited (for the purpose of the motion) Jordan's allegation that he spit at Sheehy in response to racist comments. Upon reviewing the evidence – including the video footage and Jordan's own allegations – the district court properly concluded that, even taking Jordan's version of events as true, reasonable jurors could not find, given Jordan's admitted provocation and his minimal injuries, that Sheehy acted with malicious intent to harm him.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk